UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **EIGHT KHZ, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. W-22-CV-00575-ADA-DTG |
| | § | |
| **META PLATFORMS, INC., META** | § | |
| **PLATFORMS TECHNOLOGIES, LLC,** | § | |
| **TWISTED PIXEL GAMES, LLC,** | § | |
| | § | |
| Defendants. | § | |

## ORDER ON DISCOVERY DISPUTE

On May 10, 2023, the Parties contacted the Court with a purported discovery dispute, which is attached to this ORDER as Exhibit A. After review of the chart and extra verbiage containing the parties' positions, the Court hereby cancels the hearing, orders the parties to meet-and-confer regarding an extension of Defendant's reply brief page limits, and denies all other relief sought in the chart.

SIGNED this 14th day of May, 2023.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE

## EXHIBIT A

| Issue # 1 | Defendants' Position | Plaintiff's Position |
|---|---|---|
| In its responsive claim construction brief, Plaintiff for the first time proposed constructions for means-plus-function terms (*see* Dkt. 92 at 24-45), in violation of the Court's OGP and schedule, and despite Plaintiff's lead counsel's express representation that Plaintiff would not do this. | In early April, Defendants sent Plaintiff a discovery dispute chart addressing Plaintiff's failure to (i) propose means-plus-function constructions for certain terms in dispute and (ii) confirm that it would not propose such constructions for the first time during upcoming claim construction briefing, including *after* Defendants' opening claim construction submissions. To avoid Defendants bringing that dispute to the Court, Plaintiff's lead counsel agreed: "Assuming that Defendants simply brief that the terms are M+F and are indefinite[,] ***then Plaintiff will simply rebut that and say ordinary meaning***." Ex. B, (Apr. 6 email) (emphasis added). Defendants relied on this express representation when they withdrew the earlier discovery dispute. Defendants and their expert also relied on this representation and Plaintiff's earlier claim construction disclosures—which lacked means-plus-function constructions—in their opening claim construction submissions. Now, because Plaintiff changed its positions and proposed never-before-disclosed constructions in a responsive brief, Defendants and their expert have been prejudiced.<br><br>Relief: The court should strike Plaintiff's untimely means-plus-function constructions, and order any other relief it deems appropriate.<br><br>Alternatively, the Court should (i) grant Defendants 10 additional pages for their reply claim construction brief (with no additional pages for Plaintiff's sur-reply) and | Defendants misrepresent the facts and ignore that Plaintiff's position and words in the April 6 motion/compel chart (Ex.1, the "4/6/23 Chart") are the same as now, and that Defendants ***abandoned*** (*see* Ex. 2) this dispute after Plaintiff completed the 4/6/23 Chart which stated:<br><br>"**For such [M+F] terms, Plaintiff may disclose structure as part of its argument in its briefing.** [] Defendants [ask] **Plaintiff to identify structure/ function for the terms that Defendants allege are means-plus-function before the briefing stage.** [] [T]o require such would be to create a new stage and deadline not currently in the OGP. There is no requirement in the Court's OGP or any other rule that Plaintiff make such identification before its briefing**." Ex.1 (emphasis added); *see* Exs.3-4.<br><br>Plaintiff could not rebut something it did not have: Defendants' specific arguments on structure. Defendants now complain that Plaintiff did what it said it would do: (1) say the "M+F" terms need not be construed, (2) rebut Defendants' arguments that they are M+F/indefinite, and (3) provide counter citations to the intrinsic record of the structure in case the Court finds M+F). Ex.1; Ex.6 at 9. Plaintiff did not propose new constructions and merely rebutted Defendants' arguments and assertions. Even if Defendants' argument had merit, Defendants have yet to file their Reply brief. Defendants are improperly using the Court's chart-based ***discovery*** dispute |

2

| | | |
|---|---|---|
| | (ii) order that Plaintiff will not be allowed to depose Defendants' expert a second time, to ask about her forthcoming supplemental declaration, which will address the untimely proposed constructions that her initial declaration would have covered if Plaintiff had complied with the Court's schedule and rules. | procedure in seeking to ***strike*** portions of Plaintiff's Markman Responsive Brief.<br><br>Relief: DENY all aspects of Defendants' motion, including their request to strike and to limit deposition of their expert regarding any new material in her declaration. |