# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **EIGHT KHZ, LLC,**<br><br>      Plaintiff,<br><br>v.<br><br>**META PLATFORMS, INC.; META PLATFORMS TECHNOLOGIES, LLC; TWISTED PIXEL GAMES, LLC,**<br><br>      Defendants. | Civil Action No. 6:22-cv-575-ADA-DTG<br><br>**JURY TRIAL DEMANDED** |

## ORDER ON DISCOVERY DISPUTE

Before the Court is the issue of whether, in response to Defendants' Interrogatory No. 8, Plaintiff Eight KHZ ("8K" or "8KHZ") must describe the bases for its priority claims for the specific set of limitations in the asserted claims of the '737, '509, '316, '179, and '184 patents that Meta identified in its invalidity contentions as lacking adequate support for effective priority claims.

### Defendants' Position

Meta's Interrogatory No. 8, served October 6, 2023, asked 8K to explain the bases for the asserted patents' priority claims. For over two months, 8K refused to meaningfully respond. Then, on January 24, 2024, Meta proposed a compromise, requesting that 8K address a limited set of discrete limitations for the five patents for which Meta challenged priority in its invalidity contentions—the '737, '509, '316, '179, and '184 patents. The pertinent limitations from those patents' 12 asserted claims effectively raise two priority-related issues—whether the priority applications adequately describe (i) tracking users and handheld devices to create,

determine, and display virtual boundaries ('737, '509, and '316 patents), and (ii) playing sound based on user and handheld device movement, including as alerts ('737, '509,'316, '179, and '184 patents). 8K agreed to this compromise on January 29, promising supplementation by February 2. But, on February 1, 8K reneged.

The information Meta seeks is critical because it determines what qualifies as prior art and impacts the scope of 8K's allegations in the case. As Meta has repeatedly explained, multiple asserted claims are invalid over *the accused products* because 8K's priority chains are broken. *Sonos v. Google*, 2023 WL 6542320, at *27 (N.D. Cal. Oct. 6, 2023) (asserted patents invalid over accused products due to ineffectual priority claims).

8K contends that it may withhold the bases for its priority claims because (i) Meta bears the ultimate burden of proof on invalidity, (ii) experts will address priority, and (iii) Meta's interrogatory imposes an undue burden. 8K's excuses lack merit. *First*, in pointing to Meta's trial burden, 8K "confuse[s] [Meta]'s ultimate burden to establish invalidity with [Meta]'s right to discover information necessary to discharge that burden." *McKesson Info. Sols. LLC v. Epic Sys. Corp.*, 242 F.R.D. 689, 692 (N.D. Ga. 2007). Meta is entitled to know 8K's defenses to its priority challenges. *Second*, Meta is not seeking expert opinion. 8K identified alleged priority dates for its asserted patents. 8K must have had underlying factual bases for those identifications (*see* Rule 11), and it must disclose those factual bases now. *Third*, 8K's complaints of undue burden are misplaced in view of Meta's proposed compromise limiting the scope of its request to discrete limitations, and they are unsubstantiated. Indeed, 8K has not articulated any specific burden associated with responding to this request, and Meta's proposed compromise limiting its request to discrete limitations identified in Meta's invalidity contentions ensures this request is proportional to the needs of the case.

*Relief Requested*: Compel 8K to serve a supplemental response to Meta's Interrogatory No. 8 that explains the bases for 8K's priority claims for the specific set of limitations in the asserted claims of the '737, '509, '316, '179 and '184 patents that Meta identified in its invalidity contentions as lacking adequate support for effective priority claims.

## Plaintiff's Position

8KHZ has specifically identified the priority dates for the Patents-in-Suit, first in its Preliminary Infringement Contentions ("PICs"), and then in an email to Defendants. 8KHZ also amended its response to Interrogatory No. 8 to include this information. What Meta seeks via this dispute is to prematurely and improperly compel 8KHZ to provide its validity contentions and/or expert opinion ahead of the deadline to do so under the Federal Rules, Local Rules, and the Court's Scheduling Order in this case.

It is Meta's burden to show that the original filing date in the file history chain is not proper. Requiring 8KHZ to negate a negative and show that its priority dates are proper, even if limited to specific claim elements across the various Patents-in-suit identified in Meta's Invalidity Contentions, would still be a tremendously burdensome creation of a "priority date contentions" requirement.

8KHZ has referred Meta to its priority calculations in its PICs and to the file histories supports. Indeed, the priority dates are on the front page of each of the patents-in-suit:



Pat. No. 9,282,196

Additionally, <u>as promised</u>, on January 12, 2024, 8KHZ has supplemented its response to Interrogatory No. 8 to include these dates (despite 8KHZ objection that this interrogatory, in fact, constitutes dozens of separate interrogatories). Beyond this, 8KHZ never promised to provide the requested information (i.e., its validity contentions). Moreover, 8KHZ has identified Philip Lyren, the prosecuting attorney, as having knowledge regarding the file histories of the patents-in-suit, including priority dates.

Most tellingly, Meta itself has vigorously objected and has refused to answer to 8KHZ's interrogatory concerning Meta's non-infringement theories. Meta cannot have it both ways.

***Relief Requested*:** Deny Defendants' relief in its entirety.

## ORDERS

After considering the parties' respective position statements submitted to the Court by email on February 9, 2024 and oral argument during a Zoom hearing held on February 20, 2024, the Court orders the following:

The Court **GRANTS-IN-PART** and **DENIES-IN-PART** Plaintiff's requested relief. Specifically, the Court **GRANTS** Defendants' request that Plaintiff supplement its response to Interrogatory No. 8 and **ORDERS** Plaintiff to:

Further supplement its current response to Defendant's Interrogatory No. 8 to identify with more specificity under Federal Rule 33(d) the document(s) and/or material(s) that Plaintiff relies on for establishing the priority dates for the asserted claims of the patents-in-suit.

The Court **DENIES** all other requested relief.

SIGNED this 27th day of February, 2024.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE